IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GLENN DARIUS SMITH,

    Plaintiff,

v.                               CIVIL ACTION NO.: CV514-023

BENNY DeLOACH, Sheriff, Appling
County; BERNARD COOK, Deputy,
Bacon County; and Major JERRY
BLASH, Alma Police Department,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Appling County Detention Center in Baxley, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. The undersigned advised Plaintiff that his claims were unrelated and directed Plaintiff to inform the Court as to which claims he wished to pursue. Plaintiff responded to this Order. Based on Plaintiff's response, Plaintiff's conditions of confinement claims should be **DISMISSED** without prejudice.

A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he has been accused wrongly of having committed an armed robbery. Plaintiff asserts that Defendant Cook arrested him improperly, in violation of the Fourth Amendment, and that Defendant Blash has defamed him. Plaintiff also asserts that Defendant Deloach continues to house him at the Detention Center without a reasonable bond.

The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

AO 72A
(Rev. 8/82)

> court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). Plaintiff does not allege that the procedures used to effectuate his arrest were constitutionally infirm. Rather, Plaintiff contends that he should not have been arrested at all. To have success on his claims, the charges against Plaintiff would have to be dismissed, which has not occurred. Plaintiff's claim that his arrest stemming from armed robbery charges was wrongful should be **dismissed**.

In addition, a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff's

3

AO 72A
(Rev. 8/82)

claim that Defendant Blash defamed him is a tort arising under Georgia law and should be **dismissed**.

Finally, Plaintiff's claim that Defendant Deloach, the Sheriff, has denied him a reasonable bond should also be **dismissed**. A judge sets a bond for a defendant during criminal prosecutions, not a sheriff. O.C.G.A. § 17-6-1(a)(5) (a superior court judge must set bond for the offense of armed robbery).

## CONCLUSION

Based on the foregoing, it my **RECOMMENDATION** that Plaintiff's claims be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)